FILED
 2009 Jun-09  PM 04:18
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **KELLY PATE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Case No. 5:09-cv-668-CLS** |
| ) | |
| **RAYCOM MEDIA, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the court on defendant's motion to dismiss certain allegations of plaintiff's complaint.[1]  Upon consideration, the court concludes the motion should be denied.

### I. STANDARD OF REVIEW

The Federal Rules of Civil Procedure require only that a complaint contain a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 563 (2007) (citations omitted).  These factual allegations need not be detailed, but "a

---

[1]Doc. no. 4.

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 256, 286 (1986), and *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994)) (bracketed alteration in *Twombly*). Thus, although notice pleading may not require that the pleader allege a "specific fact" to cover every element, or allege "with precision" each element of a claim, the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).

When ruling upon a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Viewed in this manner, the factual allegations of the complaint "must be enough to raise a right to relief above the speculative level . . . ." *Twombly,* 550 U.S. at 555 (citations omitted). Stated differently, the plaintiff must plead facts sufficient to "nudge[] her claims across the line from conceivable to

plausible . . . ." *Id.* at 570.

## II. ALLEGATIONS OF PLAINTIFF'S COMPLAINT

Plaintiff, Kelly Pate, asserts claims against her former employer, Raycom Media, Inc. ("Raycom"), pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*[2] Plaintiff alleges that Raycom "permitted plaintiff to work hours in excess of 40 per week without paying plaintiff the overtime compensation required by 29 U.S.C. § 207.[3] Specifically, between March, 2006, and February, 2008, defendant failed to pay plaintiff for time worked in excess of forty hours per week."[4] She also alleges that defendant "knowingly maintained a policy and practice of failing to pay such compensation," and that defendant "acted willfully and failed to act in good faith and had no basis for believing it was not violating the FLSA."[5] Further, plaintiff alleges that defendant "is required by law to keep and retain in its possession records showing the hours worked and the wages paid to the plaintiff," but

---

[2]Doc. no. 1 (Complaint), at ¶¶ 1-7.
[3]29 U.S.C. § 207 provides that

no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

[4]*Id.* at ¶ 8.
[5]*Id.* at ¶¶ 10-11.

that defendant "failed to keep records as required by the FLSA."[6] As for relief for the violations alleged in her complaint, plaintiff requests:

    a.    appropriate declaratory and injunctive relief;

    b.    that defendant be ordered to perform an accounting to determine all hours worked by plaintiff;

    c.    unpaid wages;

    d.    liquidated damages;

    e.    prejudgment and postjudgment interest at the highest rates allowed by law;

    f.    costs, expert witness fees, and reasonable attorney's fees;

    g.    an amount to compensate plaintiff for any adverse tax consequences as a result of a judgment in her favor; and

    h.    such other and further relief to which plaintiff is justly entitled.[7]

### III. DISCUSSION

Defendant seeks dismissal of plaintiff's allegations that defendant failed to keep employee records as required by the FLSA, plaintiff's request for compensation for any adverse tax consequences as a result of a judgment in her favor, and plaintiff's claims for equitable relief. The court will address each of these arguments in turn.

**A.    Failure to Keep Records Required by the FLSA**

---

[6] *Id.* at ¶¶ 12-13.
[7] *Id.* at ¶ 15.

Defendant first argues that an employee cannot independently pursue a claim for her employer's failure to properly maintain employee records under the FLSA. An employee's responsibility to maintain records on its employees is governed by § 211(c) of the FLSA, which provides, in pertinent part, that

> [e]very employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.

29 U.S.C. § 211(c). Section 211(a) provides that *the Administrator*[8] may inspect an employer's records and bring claims for equitable relief to restrain any FLSA violations that are discovered. 29 U.S.C. § 211(a). However, § 216(b), which grants *employees* a private right of action to redress FLSA violations, does not extend that right to violations of § 211(c)'s recordkeeping requirements.[9] Defendant is correct

---

[8] The term "Administrator" refers to the Administrator of the Wage and Hour Division of the United States Department of Labor. *See* 29 U.S.C. § 204(a).

[9] Section 216(b) provides that

> [a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the

that the FLSA does not grant employees an independent, private right of action for violations of the statute's recordkeeping requirements.

It does not follow, however, that all of the allegations regarding defendant's failure to adequately maintain employee records should be dismissed from plaintiff's complaint. As plaintiff points out, defendant's failure to maintain proper records can affect the computation of her damages.[10] *See Brock v. Norman's Country Market, Inc.,* 835 F.2d 823, 828 (11th Cir. 1988) ("It is firmly established where an employer has not kept adequate records of their employee's wages and hours as required by the FLSA, the employees will not be denied a recovery of back wages on the ground that

---

preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. The right provided by this subsection to bring an action by or on behalf of any employee, and the right of any employee to become a party plaintiff to any such action, shall terminate upon the filing of a complaint by the Secretary of Labor in an action under section 217 of this title in which (1) restraint is sought of any further delay in the payment of unpaid minimum wages, or the amount of unpaid overtime compensation, as the case may be, owing to such employee under section 206 or section 207 of this title by an employer liable therefor under the provisions of this subsection or (2) legal or equitable relief is sought as a result of alleged violations of section 215(a)(3) of this title.

29 U.S.C. § 216(b).

[10]*See* doc. no. 6 (plaintiff's brief), at 2 (arguing that plaintiff's allegations about defendant's recordkeeping failures "relate to the manner in which Plaintiff intends to prove Defendant failed to pay her overtime as required by the [FLSA] and how much overtime she is owed").

their uncompensated work cannot be precisely determined. . . . The employee, in the event an employer fails to keep accurate records, need only show 'he has in fact performed work for which he was improperly compensated and . . . produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'") (citations omitted).  Furthermore, defendant's failure to properly maintain records (if shown) could also be relevant to the issues of whether defendant acted in good faith, and whether liquidated damages are appropriate. Accordingly, the allegations about defendant's improper recordkeeping practices will not be dismissed from plaintiff's complaint.  As discussed above, however, plaintiff will not be allowed to pursue an independent claim based upon any failure of defendant to properly maintain employee records.

**B.     Compensation for Adverse Tax Consequences**

Next, defendant asserts that plaintiff is not entitled to recover for "any adverse tax consequences as a result of a judgment in her favor," as she requests in her complaint.[11]  Defendant's argument is simply that § 216(b) of the FLSA does not provide for any such recovery.

In response, plaintiff argues that, because any unpaid wages or liquidated damages she might receive would be taxable, the court should account for those taxes

---

[11]*See* Complaint, at ¶ 15(g) (requesting "an amount to compensate plaintiff for any adverse tax consequences as a result of a judgment in her favor").

when determining the amount of plaintiff's damages. Plaintiff relies upon *E.E.O.C. v. Joe's Stone Crab, Inc.,* 15 F. Supp. 2d 1364 (S.D. Fla. 1998), which held that "a district court, in the exercise of its discretion, *may* include a tax component in a lump sum back pay award to compensate prevailing *Title VII* plaintiffs." *Id.* at 1380 (emphasis supplied) (citing *Sears v. Atchison, Topeka & Santa Fe Ry.,* 749 F.2d 1451, 1456 (10th Cir. 1984)). In *Sears*, the Tenth Circuit held that "the district court did not abuse its discretion when it included a tax component in the back pay award to compensate class members for their additional tax liability as a result of receiving over seventeen years of back pay in one lump sum." *Sears,* 749 F.2d at 1456. The Court acknowledged that a "tax component may not be appropriate in a typical Title VII case," but found that the case before it presented "special circumstances in view of the protracted nature of the litigation." *Id.* That was because the lump-sum back-pay awards received by the class members would place them in the highest income bracket. *Id.* In another decision, however, the Tenth Circuit has noted that, in cases involving liquidated damages awards (such as those contemplated by § 216(b) of the FLSA), the "automatic doubling of the back pay award . . . make[s] up, in part, for the delays in receipt of payment." *Id.* (citing *Blim v. Western Electric Co.,* 731 F.2d 1473, 1480 (11th Cir. 1984)).

Plaintiff did not cite any cases that specifically allowed the addition of a tax

8

component to an award received in an FLSA case.  Even so, the court is persuaded by the logic of the *Joe's Stone Crab* and *Sears* decisions, and concludes that it *could* be proper, *under certain circumstances*, to account for increased tax liability when awarding damages under the FLSA.  Accordingly, plaintiff's request for an amount to compensate her for any adverse tax consequences of a judgment will not be dismissed outright.  Plaintiff is cautioned, however, that the court will consider *all* relevant factors, including the effect of a liquidated damages award under § 216(b), when determining whether a tax component should be included in any award she receives.

**C.    Equitable Relief**

Finally, defendant argues that plaintiff is not entitled to the "appropriate declaratory and injunctive relief" she seeks in her complaint.[12]  Plaintiff acknowledges that injunctive relief is not available to redress overtime violations under § 207 of the FLSA.[13]  *See Powell v. Florida,* 132 F.3d 677, 678 (11th Cir. 1998) ("[T]he right to bring an action for injunctive relief under the Fair Labor Standards Act rests exclusively with the United States Secretary of Labor.") (citing 29 U.S.C. §§ 211(a), 216(b)).  Even so, injunctive relief is available under the anti-

---

[12]*See* Complaint, at ¶ 15(a).

[13]*See* doc. no. 6 (plaintiff's brief), at 3 ("Plaintiff acknowledges that the Eleventh Circuit has held injunctive relief is not included as an available remedy with respect to claims for violation of 29 U.S.C. § 207.").

retaliation provision of the FLSA, which makes it unlawful for any person

> to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on any industry committee.

29 U.S.C. § 215(a)(3). *See Bailey v. Gulf Coast Transportation, Inc.,* 280 F.3d 1333, 1337 (11th Cir. 2002) ("We hold that the FLSA permits employees to obtain preliminary injunctive relief to address violations of the Act's antiretaliation provision."). Thus, plaintiff is entitled to "appropriate declaratory and injunctive relief" to prevent retaliation under the FLSA. While plaintiff's request for injunctive will be limited accordingly, it will not be dismissed outright.

### IV. CONCLUSION AND ORDER

In light of the foregoing, defendant's motion to dismiss is DENIED. While none of the claims of plaintiff's complaint will be dismissed at this stage, certain claims will be limited as set forth in this opinion. Defendant must file an answer to plaintiff's complaint within ten (10) days of the date of this memorandum opinion and order.

DONE and ORDERED this 9th day of June, 2009.

_____
UNITED STATES DISTRICT JUDGE
SITTING BY DESIGNATION